1  Nancy L. Stagg (SBN 157034)
   Jennifer D. Schmied (SBN 216605)
2  FISH & RICHARDSON, P.C.
   12390 El Camino Real
3  San Diego, CA 92130
   Telephone: (858) 678-5070
4  Facsimile: (858) 678-5099

5  Attorneys for Defendant and Counterclaimant
   SERCOMM CORP.

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  NOVATEL WIRELESS, INC., a Delaware          Civil Case No. 06CV2729 JAH (LSP)
    corporation,
11
                    Plaintiff,                  **DEFENDANT SERCOMM
12                                              CORPORATION'S ANSWER TO
            v.                                  PLAINTIFF'S FIRST AMENDED
13                                              COMPLAINT**
    SERCOMM CORPORATION, a Taiwanese
14  Corporation,                                **DEMAND FOR JURY TRIAL**

15                  Defendant.

16  ─────────────────────────────────
    SERCOMM CORPORATION, a Taiwanese
17  corporation,

18                  Counterclaimant,

19  v.

20  NOVATEL WIRELESS, INC., a Delaware
    corporation,
21                  Counterdefendant.
    ─────────────────────────────────
22

23          Defendant SerComm Corporation ("SERCOMM") hereby answers the First Amended

24  Complaint ("FAC") of Plaintiff Novatel Wireless, Inc. ("Plaintiff" or "Novatel") and submits the

25  following affirmative defenses.  SERCOMM denies each and every allegation contained in the FAC

26  that is not expressly admitted below.  Any factual allegation admitted below is admitted only as to

27  the specific admitted facts, not as to any purported conclusions, characterizations, implications, or

28  specifications that arguably follow from the admitted facts.  SERCOMM denies that Plaintiff is

                                               1

1   entitled to the relief requested or any other relief.   With respect to the specific allegations in

2   Plaintiff's FAC, SERCOMM responds with numbered paragraphs corresponding to the numbered

3   paragraphs of the FAC as follows:

## SUMMARY OF ACTION

5       1.      Denied.

## JURISDICTION AND VENUE

7       2.      SERCOMM admits that diversity jurisdiction is proper under 28 U.S.C. §1332(a)(2)

8   in that this is an action between citizens of a State and a citizen of a foreign state.  SERCOMM

9   admits it is a corporation organized under the laws of Taiwan R.O.C. and has its principal place of

10  business in Taiwan, R.O.C.  SERCOMM is without sufficient knowledge to form a belief as to the

11  remainder of the allegations in this paragraph and on that basis denies them.

12      3.      SERCOMM admits that venue is proper in this judicial district.

## PARTIES

14      4.      On information and belief, SERCOMM admits that Novatel is a corporation

15  organized and operating under the laws of the State of Delaware and having its principal place of

16  business in San Diego, California.

17      5.      Admitted.

18      6.      Admitted.

19      7.      Admitted.

## GENERAL ALLEGATIONS

## THE MCU1200

22      8.      SERCOMM denies that the purchase agreement entered into on March 7, 2005

23  granted Novatel the option to purchase certain multimedia application console products to be

24  designed by SerComm.  SERCOMM admits the remainder of the allegations in this paragraph.

25      9.      Assuming Novatel meant "Netfilter" and not "Netfileter" in the last sentence of

26  Paragraph 9, SERCOMM admits the allegations of Paragraph 9 except for the allegation that

27  Novatel in turn re-sold the product to a German Company Vodafone, and Vodafone in turn sold it to

28

2

1  consumers as the Vodafone "Talk & Web Box." As to that allegation, SERCOMM is without

2  sufficient knowledge or information to form a belief and on that basis denies it.

3        10.     SERCOMM denies that Novatel was unaware that SERCOMM had obtained the

4  Source Code from a publicly available source. SERCOMM denies it made representations to

5  Novatel that it owned the Source Code and denies that it was using it without complying with the

6  terms of the GNU General Public License. SERCOMM is without sufficient knowledge or

7  information to form a belief as to the truth of the allegation that its use of the Source Code in the

8  MCU 1200 allegedly violated German law from the first unit sold and infringed on the intellectual

9  property rights of one Harald Welte, a German resident, and on that basis denies it.

10        11.     SERCOMM is without sufficient knowledge or information to form a belief as to the

11  truth of the allegation that on March 30, 2006, Mr. Welte's attorney wrote Vodafone, asserting that

12  the use of the Source Code infringed upon his intellectual property rights, and on that basis denies

13  it. SERCOMM is without sufficient knowledge or information to form a belief as to the truth of the

14  allegation that Mr. Welte claimed ownership of the Source Code and maintained Vodafone

15  possesses no license and had no right to use the Source Code because the GPL had not been

16  complied with, and on that basis denies it. On information and belief, SERCOMM admits the

17  remaining allegations regarding what the GPL states.

18        12.     SERCOMM is without sufficient knowledge or information to form a belief as to the

19  truth of the allegations in Paragraph 12 and on that basis denies them.

20        13.     Admitted.

21        14.     Denied.

22        15.     SERCOMM is without sufficient knowledge or information to form a belief as to the

23  truth of the allegations as to when Vodafone informed Novatel of the claim or what Vodafone

24  demanded, and on that basis denies them. SERCOMM denies the remainder of the allegations in

25  this paragraph.

26        16.     Admitted to the extent such infringement is limited to the types of claims expressly

27  identified in Section 12.1 of the Purchase Agreement. Additionally, the Agreement contains three

28

1  conditions precedent which must be met before the provision cited by Novatel in Paragraph 16 is

2  operative.

3        17.     Denied.

4        18.     SERCOMM is without sufficient knowledge or information to form a belief as to the

5  truth of the allegations that on or about April 13, 2006, in reliance on SERCOMM's representations,

6  Novatel reached a settlement with Mr. Welte and Vodafone pursuant to which SERCOMM would

7  post the Source Code by April 27, 2006, and that on May 2, 2006, Vodafone repeatedly informed

8  Novatel that the relationship had been harmed and that it lost confidence that Novatel is in the lead

9  to support it.  On that basis, SERCOMM denies these allegations.  SERCOMM admits that it

10 published the Source Code in the first half of June 2006.  SERCOMM denies the remaining

11 allegations.

12       19.     SERCOMM is without sufficient knowledge or information to form a belief as to the

13 truth of the allegations and on that basis denies them.

14                                      **MCU1000**

15       20.     SERCOMM denies that the MCU 1000 was the foundational product that SerComm

16 manufactured for Novatel.  On information and belief, SERCOMM admits that Novatel sold the

17 MCU1000s to O2, who sold them to consumers.  SERCOMM admits the remaining allegations.

18       21.     SERCOMM admits that ESD describes the sudden and momentary unwanted

19 electrical currents that may cause damage to electronic equipment.  SERCOMM denies the

20 remaining allegations.

21                          **FIRST CLAIM FOR RELIEF**

22               (Intentional Misrepresentation of Fact Against Defendant SERCOMM)

23       22.     SERCOMM restates and realleges its answers to Paragraphs 1-21 as though fully set

24 forth herein.

25       23.     SERCOMM admits that Ben Lin is SerComm's Chief Technology Officer and

26 SERCOMM is informed and believes that Slim Souissi is Novatel's Chief Technology Officer.

27

28                                4

1  SERCOMM is currently without sufficient knowledge or information to form a belief as to the truth

2  of the remainder of the allegations in this paragraph and on that basis denies them.

3         24.    Denied.

4         25.    Denied.

5         26.    Denied.

6         27.    Denied.

7         28.    Denied.

8         29.    Denied.

9         30.    Denied.

10                          **SECOND CLAIM FOR RELIEF**

11                  (Negligent Misrepresentation of Fact Against Defendant SERCOMM)

12        31.    SERCOMM restates and realleges its answers to Paragraphs 1-30 as though fully set

13  forth herein.

14        32.    SERCOMM admits that Ben Lin is SerComm's Chief Technology Officer and

15  SERCOMM is informed and believes that Slim Souissi is Novatel's Chief Technology Officer.

16  SERCOMM is currently without sufficient knowledge or information to form a belief as to the truth

17  of the remainder of the allegations in this paragraph and on that basis denies them.

18        33.    Denied.

19        34.    Denied.

20        35.    Denied.

21        36.    Denied.

22        37.    Denied.

23        38.    Denied.

24        39.    Denied.

25  / / /

26  / / /

27  / / /

28

**THIRD CLAIM FOR RELIEF**

(Breach of Written Contract Against Defendant SERCOMM)

40.   SERCOMM restates and realleges its answers to Paragraphs 1-39 as though fully set forth herein.

41.   SERCOMM denies that the purchase agreement entered into on March 7, 2005 granted Novatel the option to purchase certain multimedia application console products to be designed by SerComm.  SERCOMM admits the remainder of the allegations in this paragraph.

42.   Denied.

43.   Denied.

44.   Denied.

45.   Denied.

**FOURTH CLAIM FOR RELIEF**

(Breach of the Implied Covenant of Good Faith and Fair Dealing Against Defendant SERCOMM)

46.   SERCOMM restates and realleges its answers to Paragraphs 1-45 as though fully set forth herein.

47.   Admitted.

48.   Denied.

49.   Denied.

50.   Denied.

**FIFTH CLAIM FOR RELIEF**

(Breach of the Implied Warranty of Merchantability Against Defendant SERCOMM)

51.   SERCOMM restates and realleges its answers to Paragraphs 1-50 as though fully set forth herein.

52.   Admitted.

53.   Admitted.

54.   SERCOMM admits it is a merchant with respect to goods of the kind which were sold to Novatel, as is Novatel; however, as the MCU 1000 was jointly developed by SERCOMM

6

1    and Novatel and the MCU 1000s and MCU 1200s were built to Novatel's design and specifications,

2    SERCOMM denies that it impliedly warranted that the products would be free of design defects and

3    fit for their intended purpose; additionally, as the Purchase Agreement states that there are no

4    warranties, expressed or implied, not expressly set forth in the Purchase Agreement, SERCOMM

5    denies there is an implied warranty of merchantability.

6         55.    Denied.

7         56.    Denied.

8         57.    Denied.

9         58.    Denied.

10        59.    Denied.

11        60.    Denied.

12        61.    Denied.

13                          **SIXTH CLAIM FOR RELIEF**

14    (Breach of Implied Warranty of Fitness for Particular Purpose Against Defendant SERCOMM)

15        62.    SERCOMM restates and realleges its answers to Paragraphs 1-61 as though fully set

16    forth herein.

17        63.    Admitted.

18        64.    Admitted.

19        65.    SERCOMM admits it is a merchant with respect to goods of the kind which were

20    sold to Novatel, as is Novatel; however, as the MCU 1000 was jointly developed by SERCOMM

21    and Novatel, the MCU 1000s and MCU 1200s were built to Novatel's design and specifications,

22    and as the Purchase Agreement states that there are no warranties, expressed or implied, not

23    expressly set forth in the Purchase Agreement, SERCOMM denies there is an implied warranty of

24    fitness for a particular purpose as alleged in this paragraph.

25        66.    SERCOMM is currently without sufficient knowledge or information as to Novatel's

26    intentions to form a belief as to the truth of the allegations in this paragraph and on that basis denies

27    them.

28

67.    SERCOMM admits that Section 1.2 of Novatel's specifications for the MCU 1000 stated that the first version of the product would be "directed primarily for the European UMTS market." SERCOMM denies the remainder of the allegations in this paragraph.

68.    SERCOMM is currently without sufficient knowledge or information to form a belief as to the truth of the allegation that Novatel relied on SerComm's ability and know-how to manufacture the products suitable for the particular purpose identified in paragraph 67 and on that basis denies it. SerComm denies the remainder of the allegations in this paragraph.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

## SEVENTH CLAIM FOR RELIEF

(Breach of the Implied Warranty Against Infringement Against Defendant SERCOMM)

76.    SERCOMM restates and realleges its answers to Paragraphs 1-75 as though fully set forth herein.

77.    Admitted.

78.    SERCOMM admits it was a merchant regularly dealing in the goods of the kind sold to Novatel, but denies it warranted to Novatel by imposition of law that the goods would be delivered free of any claim by a third party of infringement or the like.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

8

## EIGHTH CLAIM FOR RELIEF

(Breach of Warranty of Title Based on Seller's Failure to Give Good Title Against Defendant

SERCOMM)

83.     SERCOMM restates and realleges its answers to Paragraphs 1-82 as though fully set forth herein.

84.     Admitted.

85.     Admitted

86.     Denied.

87.     Denied.

88.     Denied.

89.     SERCOMM admits that it had actual knowledge that Novatel was going to sell the MCU1200s to Vodafone.  SERCOMM denies the remaining allegations in this paragraph.

## NINTH CLAIM FOR RELIEF

(Intentional Interference With Prospective Economic Advantage Against Defendant SERCOMM)

90.     SERCOMM restates and realleges its answers to Paragraphs 1-89 as though fully set forth herein.

91.     Admitted.

92.     SERCOMM admits that it knew there was a relationship between Novatel and Vodafone.  SERCOMM denies the remaining allegation in this paragraph.

93.     Denied.

94.     Denied.

95.     SERCOMM is without sufficient knowledge or information to form a belief as to the truth of the allegation that the economic relationship between Vodafone and Novatel has been materially disrupted and on that basis denies such allegation.

96.     Denied.

97.     Denied.

///

Case No. 06-CV-2729 JAH (POR)
SERCOMM'S ANSWER TO
FIRST AMENDED COMPLAINT

## AFFIRMATIVE DEFENSES

98.     In addition, SERCOMM alleges and asserts the affirmative defenses set forth herein. By pleading these affirmative defenses, SERCOMM does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

99.     The FAC, and each purported claim alleged therein, fails to state a claim upon which relief can be granted against SERCOMM.

### SECOND AFFIRMATIVE DEFENSE

### (Laches)

100.     Each and every claim for relief set forth in the FAC is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

101.     Plaintiff is estopped by its conduct and actions from asserting any and all claims for damages or equitable relief, whether as alleged in the FAC or otherwise.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

102.     Plaintiff has failed in its duty to mitigate its damages, if any, and therefore cannot recover damages against SERCOMM.

### FIFTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

103.     While specifically denying any liability, the claims asserted in the FAC are barred in whole or in part to the extent they violate the applicable statutes of limitation.

///

## SIXTH AFFIRMATIVE DEFENSE

### (Not Sole Proximate/Legal Cause)

104.     SERCOMM is informed and believes, and thereon alleges, that if SERCOMM is legally responsible under any theory of law or fact to Plaintiff for any purported loss alleged in the FAC, then SERCOMM alleges that that conduct was not the sole proximate or legal cause of Plaintiff's alleged loss.  Consequently, any recovery by Plaintiff should be apportioned among all parties who are legally responsible therefore in accordance with the laws of comparative liability.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

105.     SERCOMM is informed and believes, and based thereon alleges, that Plaintiff by its actions, knowingly, voluntarily, and willfully waived any rights it may otherwise have had against SERCOMM.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

106.     Plaintiff, by its conduct, acts, and omissions, and the conduct, acts, and omissions of its officers, employees and agents, is barred by its unclean hands, shared fault or otherwise, from all legal and equitable relief requested in the FAC.

## NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

107.     Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages without proof of every element by clear and convincing evidence would violate SERCOMM's rights under the due process clauses of the United States and California Constitutions.

///

///

///

///

11

## TENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

108.    Plaintiff's claims for punitive damages cannot be sustained because any judgment for punitive damages would violate the excessive fines clause of the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

109.    Plaintiff's claims for punitive damages cannot be sustained because the standard for determining liability for punitive damages under California law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such claim. Therefore, any award of punitive damages would violate SERCOMM's due process rights under the United States and California Constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

### (Third Parties)

110.    The damages, if any, allegedly caused by SERCOMM were caused, in whole or in part, by third parties, and not by SERCOMM.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

111.    Without admitting that Plaintiff was in any way damaged by the actions of SERCOMM, any loss, if any, sustained by Plaintiff was proximately caused and contributed to by the negligence, improper conduct, or intervening acts of Plaintiff and/or Plaintiff's agents or employees.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

112.    All injuries and damages, if any, sustained or suffered by Plaintiff were proximately caused and contributed to by the acts or omissions of persons other than SERCOMM, and said persons, and each of them, were careless, negligent, and acted wrongfully concerning the matters

Case No. 06-CV-2729 JAH (POR)
SERCOMM'S ANSWER TO
FIRST AMENDED COMPLAINT

1  alleged in the FAC. Such negligence, carelessness, and other wrongful conduct proximately

2  contributed to the damage alleged in the FAC with the result that damages, if any, recoverable by

3  Plaintiff herein must be reduced in proportion to the fault attributable to such other persons.

4  ### FIFTEENTH AFFIRMATIVE DEFENSE

5  ### (Justification)

6  113.   The conduct of SERCOMM in regard to the matters alleged in the FAC was

7  justified, and by reason of the foregoing, Plaintiff is barred from any recovery thereon.

8  ### SIXTEENTH AFFIRMATIVE DEFENSE

9  ### (Actions in Good Faith)

10  114.   SERCOMM acted in good faith in any and all interactions with Plaintiff and did not

11  directly or indirectly perform any acts whatsoever which would constitute a violation of any rights

12  of Plaintiff or any duty, if any, owed to Plaintiff.

13  ### SEVENTEENTH AFFIRMATIVE DEFENSE

14  ### (Lack of Standing)

15  115.   SERCOMM is informed and believes and thereon alleges that Plaintiff lacks

16  standing to assert all or some of the causes of action alleged in the FAC.

17  ### EIGHTEENTH AFFIRMATIVE DEFENSE

18  ### (Ratification)

19  116.   SERCOMM is informed and believes and thereon alleges that Plaintiff has ratified

20  the transaction(s) complained of in the FAC by its acts and conduct.

21  ### NINETEENTH AFFIRMATIVE DEFENSE

22  ### (Ripeness)

23  117.   Without admitting that Plaintiff has any valid action against SERCOMM, any and all

24  claims asserted by Plaintiff are not ripe.

25  ### TWENTIETH AFFIRMATIVE DEFENSE

26  ### (Statute of Frauds)

27  118.   Plaintiff's claims are barred by the Statute of Frauds, Cal. Civ. Code §1624.

28

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Parol Evidence)

119.     Plaintiff's claims are barred by the parol evidence rule.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

120.     Plaintiff did not exercise ordinary care, caution and prudence in connection with the transactions and events alleged in the FAC, and Plaintiff is therefore, barred entirely from recovery against SERCOMM, or, alternatively, Plaintiff should have any recovery proportionally reduced by its comparative fault.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Fault of Others)

121.     To the extent Plaintiff has been damaged, such damages are the result of conduct, breaches, acts or omissions of Plaintiff or others and not SERCOMM.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

122.     Plaintiff's claims are barred because if Plaintiff suffered any loss, damage, or injury (which loss, damage, or injury is expressly denied by SERCOMM), any such loss, damage, or injury was not caused, either legally or proximately, by any act or omission of SERCOMM.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Limitation of Liability)

123.     The Agreement between Plaintiff and SERCOMM contains a Limitation of Liability provision limiting SERCOMM's liability and damages available to Plaintiff should it prove it is entitled to any.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Condition Precedent)

124.     The Indemnity provision of the Agreement between Plaintiff and SERCOMM contains conditions precedent which have not been met and preclude the invocation of the provision

by Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Warranty Limitation)

125.    The warranties applicable in this matter are limited to those set forth in the Agreement.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

126.    SERCOMM currently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  This SERCOMM reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

## PRAYER FOR RELIEF

Wherefore, SERCOMM prays that this Court:

1.    Dismiss Novatel's FAC with prejudice and enter judgment in favor of SERCOMM such that Novatel take nothing from this action;

2.    Award SERCOMM its attorneys' fees and costs incurred in this action; and

3.    Grant SERCOMM such other and further relief as the Court deems just and proper.

Dated: May 7, 2007

FISH & RICHARDSON P.C.

By:   s/Nancy L. Stagg
       Nancy L. Stagg
       nstagg@fr.com
       Jennifer D. Schmied
Attorneys for Defendant
SERCOMM CORP.

1

## **DEMAND FOR JURY TRIAL**

2      SERCOMM hereby demands a trial by jury.

3   Dated:  May 7, 2007                         FISH & RICHARDSON P.C.

4                                               By:   s/Nancy L. Stagg
                                                      Nancy L. Stagg
5                                                     stagg@fr.com
                                                      Jennifer D. Schmied
6                                               Attorneys for Defendant and Counterclaimant
7                                               SERCOMM CORP.
    10727479.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

1

## PROOF OF SERVICE

2      I am employed in the County of San Diego. My business address is Fish & Richardson P.C.,
3  12390 El Camino Real, San Diego, California 92130.  I am over the age of 18 and not a party to the
   foregoing action.

4      I am readily familiar with the business practice at my place of business for collection and
   processing of correspondence for personal delivery, for mailing with United States Postal Service,
5  for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight
   service.
6
       On May 7, 2007, I caused a copy of the following document(s):
7
8  **DEFENDANT SERCOMM CORPORATION'S ANSWER TO PLAINTIFF'S FIRST
   AMENDED COMPLAINT**

9      **DEMAND FOR JURY TRIAL**

10 to be served on the interested parties in this action by placing a true and correct copy thereof,
   enclosed in a sealed envelope, and addressed as follows:
11
12     Glenn D. Dassoff                          Plaintiff
       Scott H. Sims                             NOVATEL WIRELESS, INC.
       PAUL, HASTINGS, JANOFSKY &
13     WALKER
       695 Town Center Drive
14     Seventeenth Floor
       Costa Mesa, CA  92626
15     Telephone:  (714) 668-6200
       Fax:  (714) 979-1921
16

17  [ ]  **MAIL:**          Such correspondence was deposited, postage fully paid, with the
                            United States Postal Service on the same day in the ordinary course
18                          of business.

19  [ ]  **PERSONAL:**      Such envelope was delivered by hand to the offices of the addressee.

20
21  [ ]  **FACSIMILE:**     Such document was faxed to the facsimile transmission machine
                            with the facsimile machine number stated above.  Upon completion
22                          of the transmission, the transmitting machine issued a transmission
                            report showing the transmission was complete and without error.

23  [ ]  **FEDERAL          Such document was deposited on the same day in the ordinary
         EXPRESS:**          course of business with a facility regularly maintained by Federal
24                          Express.

25  [X]  **BY CM/ECF:**     I caused such document(s) to be sent via electronic mail through the
                            Case Management/Electronic Case File System with the U.S.
26                          District Court for the Southern District of California.

27

28

i

1

☐ **OVERNIGHT DELIVERY:** Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents.

2

3

4  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

5  I declare under penalty of perjury that the above is true and correct.  Executed on May 7,

6  2007, at San Diego, California.

7  *Catherine M. Campbell*

Catherine M. Campbell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii